# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AARON STRNAD,

    Plaintiff,

v.                                                        Case No.:

MIKE'S PEST CONTROL, INC. and
MICHAEL A. POOLE, individually,

    Defendants.

_____.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AARON STRNAD, by and through his undersigned counsel, sues Defendants MIKE'S PEST CONTROL, INC. and MICHAEL A. POOLE, individually, pursuant to 29 U.S.C. §216(b), of the Fair Labor Standards Act (hereinafter, "FLSA") for unpaid overtime wages.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), the Fair Labor Standards Act, a federal question.

2. This Court has personal jurisdiction over this action because Defendants Mike's Pest Control, Inc. and Michael A. Poole operated substantial business in Volusia County, Florida, and the damages at issue occurred in Volusia County, Florida and within this district.

3. Venue is proper to this Court because the acts complained of accrued within this District at Defendant's primary office located in New Smyrna Beach, Volusia County, Florida.

## THE PARTIES

4. Plaintiff Aaron Strnad (hereinafter "Strnad" or "Plaintiff") resided in Volusia County, Florida, during all times material, and was employed by Mike's Pest Control, Inc. as a Lawn Service Technician.

5. Defendant Mike's Pest Control, Inc. (hereinafter "Mike's" or "Defendant") is a Florida for Profit Corporation with its current principal place of business at 4630 Saddle Creek Run Road, New Smyrna Beach, Florida 32168.

6. Defendant Mike's can be served via its current registered agent, Michael A. Poole at 4630 Saddle Creek Run Road, New Smyrna Beach, Florida 32168.

7. Defendant Michael A. Poole (hereinafter, "Poole" and collectively with Mike's, "Defendants") is, upon information and belief, the CEO and primary shareholder of Mike's Pest Control, Inc.

8. Defendant Poole is an employer of Plaintiff because he created the unlawful pay practices complained of, oversaw and instituted these unlawful pay practices, and directed and controlled the work of Plaintiff.

9. As an officer, manager and/or owner of Defendant Mike's, Defendant Poole is an employer within the meaning of the FLSA. See In re Van Diepen, P.A., 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

10. Upon information and belief, Defendant Mike's has business revenues exceeding $500,000.00 annually.

11. Defendant Mike's qualifies for and is subject to enterprise coverage under the FLSA for the relevant time periods pertinent to this Complaint.  In other words, Defendant is

Case 6:20-cv-00841-RBD-GJK   Document 1   Filed 05/15/20   Page 3 of 9 PageID 3


subject to the FLSA.

12. Plaintiff is an employee of Defendants within the meaning of FLSA §203.

## GENERAL ALLEGATIONS

13. The FLSA provides that, with certain exceptions, employers must pay employees a minimum hourly wage for all compensable hours worked and overtime of at least one and one-half times their regular hourly rate of pay for any hours worked over forty (40) in a week. *See* 29 U.S.C. §§ 206, 207(a)(1). The Act exempts certain employees from the minimum wage and overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" S*ee* Donovan v. Nekton, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

14. Defendant Mike's is a business enterprise offering indoor and outdoor pest control and lawn fertilizing services primarily to residential customers.

15. Strnad worked for Defendant Mike's as a Lawn Service Technician from January 2016 until January 2020.

16. Defendants directed Plaintiff as to the site of the job, and upon arrival Plaintiff applied fertilizer to the lawn and shrubs, sprayed pesticide outside of the home, and/or layed down pest control inside of the home to Defendants' customers' property as requested.

17. At all times relevant, Plaintiff was not paid an hourly wage, but instead was paid a commission of each job he completed. The commission rate started at 20% of each completed job, and increased by 1% each year, with Plaintiff's last commission rate being 24%.

18. Defendant Poole set the pay policies and procedures that were applied to Plaintiff.

19. Plaintiff routinely worked an average of 50 hours per week for Defendants.

20. During some weeks, Plaintiff worked 10-12 hours per day, seven days a week.

21. Throughout Plaintiff's employment with Defendants, Defendants never paid Plaintiff an overtime premium for any and all hours worked in excess of 40 in any given week.

22. Throughout Plaintiff's employment with Defendants, Defendants treated him as exempt from overtime compensation, and no reason was ever presented for the classification as exempt from overtime by Defendants to Plaintiff.

23. Defendants knew that Plaintiff routinely worked in excess of 40 hours during his time of employment and permitted him to suffer to work off the clock, and without properly being paid for all hours worked, or otherwise, misclassified him as exempt from overtime pay.

24. Plaintiff, as a Lawn Service Technician is not in a class of employees exempted from FLSA overtime wage coverage and his primary work duties are that of a laborer, typically and usually deemed by the Department of Labor regulations and Field Operations Handbook, and under FLSA case law, as involving non-exempt job duties and being an FLSA non-exempt position.

25. Plaintiff was unfamiliar with the FLSA when hired and up to the date of this Complaint.

26. Defendants never informed Plaintiff that he was ever eligible for overtime wages, nor did it explain to him what Defendants were relying upon for classifying him as exempt, or if they simply had a policy against paying overtime wages.

27. Plaintiff was subject to discipline if he failed to report to work within the schedule required by Defendants, and he did not have the discretion to vary and alter his schedule or work the hours and days of his choosing.

28. Defendants, knew or should have known that it should have tracked and recorded all of Plaintiff's hours worked, and that for all hours worked over 40 in each and every week worked by Plaintiff, they were lawfully required to pay Plaintiff premium pay for these hours, including one half Plaintiff's regular rate of pay.

29. However, the FLSA requires overtime wages to be paid for *every* week where overtime hours are worked, not just some weeks or most weeks, and the obligation is on the mmployer to pay a premium for all hours it knew, or should have known, that its employees worked.

30. Defendants expected and required Plaintiff to work a minimum of (40) hours per week, be on call, and work weekends as needed.

31. Plaintiff was subjected to a willful policy and practice of Defendants' misclassifying Plaintiff as exempt from overtime wages, or alternatively, Defendants created and maintained an unlawful pay policy and practice against paying overtime wages in violation of Section 207 of the FLSA.

32. Defendants are required by the Fair Labor Standards Act to compensate Plaintiff for all hours worked, including a premium for all overtime hours worked over forty (40) in any work week.

33. Defendants willfully engaged in practices and policies that denied Plaintiff overtime compensation, and a premium pay for all overtime hours worked in all workweeks.

34. Defendants are required, pursuant to the FLSA, to track, record and maintain accurate and contemporaneous records of all hours worked for all non-exempt employees. Defendants here failed to do so.

35. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. §215(a)(5); *See also,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

36. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

37. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

38. Defendants have failed to accurately record, track and report Plaintiff's time and work hours as required under the FLSA.

39. Defendants have failed to make, keep and preserve records sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

40. Alternatively, Defendants willfully manipulated, edited and deleted or shaved off tracked hours of Plaintiff to avoid records of overtime hours incurred in the event of a lawsuit or claim, and also to deceive, confuse and mislead Plaintiff.

41. Similarly, Defendants do not and cannot have a good faith basis under the FLSA

for not paying Plaintiff a premium for all overtime hours it knew or should have known Plaintiff worked, and, upon information and belief, have never assessed with any law firm or attorney whether Plaintiff's position meets any exemption under the FLSA.

## COUNT I
## UNPAID OVERTIME WAGES DUE UNDER SECTION 207 FLSA

42. Plaintiff realleges and incorporates the above paragraphs as if fully set forth in this Count.

43. At all relevant times, Defendants were the employer of Plaintiff within the meaning of the FLSA.

44. However, Defendants have willfully refused to pay a premium for all overtime hours worked by Plaintiff.

45. Defendants also have edited or removed overtime hours from time records and did not provide Plaintiff with a total summary of his hours worked.

46. Plaintiff routinely worked overtime hours, or hours in excess of forty (40) in a work week, without being paid all the overtime compensation for the hours he actually worked.

47. Defendants have willfully violated the FLSA by willfully refusing to pay Plaintiff a premium for all overtime hours worked.

48. Defendants' failure to pay Plaintiff overtime compensation at a rate of one-half times his regular rate of pay for all hours worked over forty (40) in a given work week is a violation of the FLSA, in particular, 29, U.S.C. §207.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(A).

50. Defendants do not have a good faith basis under the FLSA from willfully refusing

to pay a premium to Plaintiff for all overtime hours worked over forty (40) in a work week.

51. Defendants knew that Plaintiff routinely worked more than forty (40) hours in a work week and aside from willfully refusing to pay for all hours, also edited, shaved off, removed or manipulated time records to erase and conceal the overtime hours worked.

52. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and disbursements in this action pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Aaron Strnad demands judgment against Defendants including the following relief:

a. A judgment finding that Defendants willfully and in bad faith violated the overtime compensation provisions of the FLSA;

b. That the Court award Plaintiff overtime compensation and a premium for all the previous hours worked over forty (40) in any workweek in which he did not receive a premium for all overtime hours worked during the past three (3) years, AND award payment of liquidated damages of an equal amount of the awarded overtime wages; in addition to penalties and interest on said award pursuant to §216 of the FLSA;

c. Payment of his attorneys' fees and costs pursuant to § 216 of the FLSA for all causes of action; and,

d. That the Court award any other legal and equitable relief as this Court may deem

appropriate, including barring any retro-active applications of exemptions and estoppel of affirmative defenses.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated May 15, 2020.

                    Respectfully submitted,

                    */s/Mitchell Feldman, Esq.*
                    **Mitchell L. Feldman, Esquire**
                    Florida Bar No.: 0080349
                    FELDMAN LEGAL GROUP
                    6940 W. Linebaugh Ave, #101
                    Tampa, Florida 33625
                    Tel: 813-639-9366 - Fax: 813-639-9376
                    Email: mlf@feldmanlegal.us
                    Secondary: lschindler@feldmanlegal.us
                    *Attorney for Plaintiff*